MICHAEL FAILLACE & ASSOCIATES, P.C.
SARA ISAACSON, ESQ [SI 8937]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**NEW JERSEY DISTRICT COURT**
--------------------------------------------------------X
ESAUR SANCHEZ, *individually and on*
*behalf of others similarly situated,*

|  |  |
|---|---|
| *Plaintiff,* | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION UNDER** **29 U.S.C. § 216(b)** |
| 30 MINUTE OIL CHANGE LLC  (D/B/A 30 MINUTE OIL CHANGE), ELIO VARONA, and ALIOSKA ALONSO, | **ECF Case** |
| *Defendants.* |  |

--------------------------------------------------------X

Plaintiff Esaur Sanchez ("Plaintiff Sanchez" or "Mr. Sanchez"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against 30 Minute Oil Change LLC (d/b/a 30 Minute Oil Change), ("Defendant Corporation"), Elio Varona and  Alioska Alonso, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

**NATURE OF ACTION**

1.      Plaintiff Sanchez is a former employee of Defendants 30 Minute Oil Change LLC (d/b/a 30 Minute Oil Change), Elio Varona, and Alioska Alonso.

2.       Defendants own, operate, or control an oil change service, located  at 265 Broadway, Jersey City, New Jersey 07306 under the name "30 Minute Oil Change".

3.      Upon information and belief, individual Defendants Elio Varona and Alioska Alonso, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the oil change service as a joint or unified enterprise.

4.      Plaintiff Sanchez was an employee of Defendants.

5.      Plaintiff Sanchez was employed as an auto part buyer and transporter at the oil change service located at 265 Broadway, Jersey City, New Jersey 07306.

6.      At all times relevant to this Complaint, Plaintiff Sanchez worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for the hours that he worked.

7.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiff Sanchez appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.      Defendants' conduct extended beyond Plaintiff Sanchez to all other similarly situated employees.

9.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Sanchez and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

10.      Plaintiff Sanchez now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. §§ 34:11-56a, et seq, the New Jersey Wage Payment Law ("NJWPL"), §§ 34:11-4.1, et seq, and common law, including applicable liquidated damages, interest, attorneys' fees and costs.

- 2 -

11.     Plaintiff Sanchez seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Sanchez's state law claims under 28 U.S.C. § 1367(a).

13.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in the State of New Jersey, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate an oil change service located in this district.  Further, Plaintiff Sanchez was employed by Defendants in this district.

## PARTIES
### *Plaintiff*

14.     Plaintiff Esaur Sanchez ("Plaintiff Sanchez" or "Mr. Sanchez") is an adult individual residing in Hudson County, New Jersey.

15.     Plaintiff Sanchez was employed by Defendants at 30 Minute Oil Change from approximately February 2003 until on or about December 29, 2017.

16.     Plaintiff Sanchez consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

### *Defendants*

17.     At all relevant times, Defendants owned, operated, or controlled an oil change service, located at 265 Broadway, Jersey City, New Jersey 07306 under the name "30 Minute Oil Change".

18.     Upon information and belief, 30 Minute Oil Change LLC (d/b/a 30 Minute Oil Change) is a corporation organized and existing under the laws of the State of New Jersey. Upon information and belief, it maintains its principal place of business at 265 Broadway, Jersey City, New Jersey 07306.

19.     Defendant Elio Varona is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Elio Varona is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Elio Varona possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Sanchez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

20.     Defendant Alioska Alonso is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Alioska Alonso is sued individually in her capacity as owner, officer and/or agent of Defendant Corporation. Defendant Alioska Alonso possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation.She determines the wages and compensation of the employees of Defendants, including Plaintiff Sanchez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

21.     Defendants operate an oil change service located in Jersey City, New Jersey.

22.     Individual Defendants, Elio Varona and Alioska Alonso, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

23.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

24.     Each Defendant possessed substantial control over Plaintiff Sanchez's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Sanchez, and all similarly situated individuals, referred to herein.

25.     Defendants jointly employed Plaintiff Sanchez (and all similarly situated employees) and are Plaintiff Sanchez's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 et seq, the NJWHL, and NJWPL.

26.     In the alternative, Defendants constitute a single employer of Plaintiff Sanchez and/or similarly situated individuals.

27.     Upon information and belief, Individual Defendants, Elio Varona and Alioska Alonso operate Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

        a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e) operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

f) intermingling assets and debts of their own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

28. At all relevant times, Defendants were Plaintiff Sanchez's employers within the meaning of the FLSA, NJWHL, and NJWPL. Defendants had the power to hire and fire Plaintiff Sanchez, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Sanchez's services.

29. In each year from 2015 to 2017, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

30. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the oil change service on a daily basis are goods produced outside of the State of New Jersey.

*Individual Plaintiff*

31.     Plaintiff Sanchez is a former employee of Defendants who was employed as an auto part buyer and transporter.

32.     Plaintiff Sanchez seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Esaur Sanchez*

33.     Plaintiff Sanchez was employed by Defendants from approximately February 2003 until on or about December 29, 2017.

34.     Defendants employed Plaintiff Sanchez as an auto part buyer and transporter.

35.     Plaintiff Sanchez regularly handled goods in interstate commerce, such as oil and other supplies produced outside the State of New Jersey.

36.     Plaintiff Sanchez's work duties required neither discretion nor independent judgment.

37.     Throughout his employment with Defendants, Plaintiff Sanchez regularly worked in excess of 40 hours per week.

38.     From approximately January 2015 until on or about December 29, 2017, Plaintiff Sanchez worked as an auto part buyer and transporter from approximately 7:30 a.m. until on or about 6:30 p.m., four days a week, from approximately 7:30 a.m. until on or about 8:00 p.m., one day a week, and from approximately 7:30 a.m. until on or about 3:30 p.m., one day a week (typically 63 to 64.5 hours per week).

39.     From approximately January 2015 until on or about July 2017, Defendants paid Plaintiff Sanchez his wages in a combination of check and cash.

40.     From approximately August 2017 until on or about December 29, 2017, Defendants paid Plaintiff Sanchez his wages by check.

41.     From approximately January 2015 until on or about December 29, 2017, Defendants paid Plaintiff Sanchez a fixed salary of $800 per week.

42.     Plaintiff Sanchez's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

43.     For example, Defendants required Plaintiff Sanchez to work an additional one and a half hour after his scheduled departure time one day a week, and did not pay him for the additional time he worked.

44.     Defendants never granted Plaintiff Sanchez any breaks or meal periods of any kind.

45.     Plaintiff Sanchez was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

46.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Sanchez regarding overtime and wages under the FLSA.

*Defendants' General Employment Practices*

47.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Sanchez (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate overtime compensation as required by federal and state laws.

48.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA by failing to maintain accurate and complete timesheets and payroll records.

49.     From approximately January 2015 until on or about July 2017, Plaintiff Sanchez was paid his wages in a combination of check and cash.

50.     From approximately August 2017 until on or about December 29, 2017, Defendants

- 8 -

paid Plaintiff Sanchez his wages by check.

51.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA.

52.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Sanchez (and similarly situated individuals) worked, and to avoid paying Plaintiff Sanchez properly for his full hours worked.

53.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA.

54.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Sanchez and other similarly situated former workers.

## FLSA COLLECTIVE ACTION CLAIMS

55.      Plaintiff Sanchez brings his FLSA overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

56.     At all relevant times, Plaintiff Sanchez and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records required by the FLSA.

57.     The claims of Plaintiff Sanchez stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

58.     Plaintiff Sanchez repeats and realleges all paragraphs above as though fully set forth herein.

59.     At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiffs (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

60.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

61.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

62.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Sanchez (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

63.     Defendants' failure to pay Plaintiff Sanchez (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

64.     Plaintiff Sanchez was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## (Violation of the Overtime Wage Provisions of NJWHL)

65.     Plaintiff Sanchez repeats and realleges all paragraphs above as though fully set

forth herein.

66.     At all times relevant to this action, Defendants were Plaintiff Sanchez's employers within the meaning of New Jersey Wage and Hour Law, N.J.S.A., 34:11-56a(1).

67.      Defendants, in violation of N.J.S.A. 34:11-56, failed to pay Plaintiff Sanchez overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

68.     As a result of Defendants' failure to pay, and decision to withhold overtime wages earned and due to Plaintiff Sanchez at the applicable overtime rate for work over forty hours in a week, defendants have violated the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56, *et seq.*, and the regulations promulgated thereunder.

69.     Plaintiff Sanchez was damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### (Violation of New Jersey Wage Payment Law)

70.     Plaintiff Sanchez repeats and realleges all paragraphs above as though fully set forth herein.

71.     At all times relevant to this action, Defendants were Plaintiff Sanchez's employers within the meaning of the New Jersey Wage Payment Law ("NJWPL"), N.J.S.A. 34:11-4.1.

72.     At all relevant times, Defendants employed employees, including Plaintiff Sanchez, within the meaning of NJWPL, N.J.S.A. 34:11-4.

73.     Defendants withheld and diverted wages owed to Plaintiff Sanchez for work performed in excess of forty hours per week.

74.     As a result of Defendants' failure to pay and decision to withhold and divert wages earned and due to Plaintiff Sanchez for all work performed, Defendants have violated the NJWPL, N.J.S.A. 34:11-4.1, et seq., and the regulations promulgated thereunder.

75.     Plaintiff Sanchez was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Sanchez respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiff Sanchez in the FLSA claims in this action;

(b)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Sanchez and the FLSA Class members;

(c)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Sanchez's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Sanchez and the FLSA Class members;

(e)     Awarding Plaintiff Sanchez and the FLSA Class members damages for the amount of unpaid overtime compensation and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)     Awarding Plaintiff Sanchez and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)     Declaring that Defendants violated the overtime wage provisions of, and rules and

orders promulgated under the NJWHL as to Plaintiff Sanchez;

(h)     Declaring that Defendants violated the New Jersey Wage Payment Act ("WPL") as to Plaintiff Sanchez;

(i)     Declaring that Defendants' violations of the New Jersey statutes were willful;

(j)     Awarding Plaintiff Sanchez damages for the amount of unpaid overtime wages, under the NJWHL and NJWPL;

(k)     Awarding Plaintiff Sanchez compensation that was unjustly retained by Defendants;

(l)     Awarding Plaintiff Sanchez compensatory damages.

(m)     Awarding Plaintiff Sanchez liquidated damages in an amount equal to 100% of their damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the NJWHL and NJWPL;

(n)     Awarding Plaintiff Sanchez and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(o)     Awarding Plaintiff Sanchez the expenses incurred in this action, including costs and attorneys' fees;

(p)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Sanchez demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
       January 10, 2018

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:     /s/ Sara Isaacson
      Sara Isaacson, Esq.
      Michael Faillace & Associates, P.C.

- 13 -

60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

————

Faillace@employmentcompliance.com

January 9, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Esaur Sanchez

Legal Representative / Abogado:      Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                               9 de enero 2018

*Certified as a minority-owned business in the State of New York*